IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Marsha Jackson, | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Blue Star Recycling, LLC; | * |
| CCR Equity Holdings One, LLC, and | * |
| Cabe Chadick, | * |
| Defendants. | * |

## COMPLAINT

**Introduction**

1. Plaintiff Marsha Jackson brings this citizen suit under the Resource Conservation and Recovery Act (RCRA) against Defendants for their contributions of the illegal storage of solid waste and for the creation of the illegal landfill known as "Shingle Mountain." Ms. Jackson's residence is located directly adjacent to Shingle Mountain. The illegal landfill that is the subject of this complaint is an open dump that contains at least 198,000 cubic yards of unprocessed asphalt shingle material and roofing waste material at the landfill site. The shingles are piled several hundred feet high and are open piles of waste with no cover. The mountain with thousands of tons of waste is so high that it can be seen from Interstate 45, over half a mile away. There are other piles of processed shingles and waste materials on the site. The debris and particulate from the shingles creates an imminent and substantial endangerment to human health and the environment. There is drainage from the unprocessed asphaltic shingle material in a pooled area of water on the site. Defendants accepted solid waste at the site for disposal fees and created the illegal landfill from 2018 through 2019. Defendants have not removed the illegal landfill and the open dump remains in place.

1

**Jurisdiction**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 6972(a)(1).

**Parties**

**Plaintiff**

3. Plaintiff Marsha Jackson is a homeowner who resides at 4920 Choate Road, Dallas TX,75241. She resides directly adjacent to the illegal solid waste landfill known as "Shingle Mountain."

4. Shingle Mountain is located on two adjoining lots. One lot is at 9505 S. Central Expressway and the other lot is at 9527 S. Central Expressway. Both lots adjoin Ms. Jackson's property. She is harmed daily by living next to the open dump/landfill at this location. Her house is within 100 feet of piles of debris and solid waste on the landfill property.

**Defendants**

5. Defendant Blue Star Recycling, LLC is the operator of the illegal solid waste landfill at 9527 S. Central Expressway, Dallas, Texas, 75241. Blue Star Recycling also operated the landfill on the adjacent lot at 9505 S. Central Expressway, Dallas, Texas 75241.

6. Defendant CCR Equity Holdings One, LLC is the owner of the illegal landfill site at 9527 S. Central Expressway. This location is the main site for the illegal solid waste landfill.

7. Defendant Cabe Chadick is the Governing Member and Registered Agent for CCR Equity Holdings One, LLC.

**Facts**

**Defendants contributed to the handling, storage, and disposal of illegal solid or hazardous waste at Shingle Mountain.**

2

8. CCR Equity Holdings One, LLC (CCR) purchased the site at 9527 S. Central Expressway for the purpose of using the property for the disposal of shingles and for an illegal landfill. CCR leased the property to Blue Star Recycling for the purpose of using the property as a site for the disposal of shingles and for an illegal landfill and accepted rent payments for the lease of the property for this purpose. The use of the property for the illegal storage of solid waste violates the deed restrictions for the property. Defendants did not have a permit to operate a solid waste facility at this location. This use of the property for the storage of the shingles on the property, the processing of the shingles on the property, and the storage of the ground shingle material constitute a substantial endangerment to health and the environment.

9. Blue Star Recycling operates the illegal landfill, charges a fee for accepting the material from third parties, and sometimes sells some of the processed material. This use of the property for the storage of the shingles on the property, the processing of the shingles on the property, and the storage of the ground shingle material constitute a substantial endangerment to health and the environment. Blue Star Recycling, with the consent of the owner CCR and Cabe Chadick, diverted trucks loaded with solid waste for disposal that were headed to the City of Dallas McCommas Bluff municipal solid waste landfill specifically to dump loads of solid waste on the Shingle Mountain site. Defendants' investment scheme for the use of the property as a solid waste landfill specifically included the revenue that was to be gained from the disposal fees from dumping shingles at the Shingle Mountain location. Defendants chose the site at 9527 S. Central Expressway because it is less than a mile to the entrance of McCommas Bluff landfill and trucks pass by the site daily on the way to the McCommas Bluff landfill. Defendants lured the trucks loaded with shingles to dump the waste at the Shingle Mountain site by promising that they would avoid the lengthy wait time to deposit loads at McCommas Bluff landfill.

10. Defendants contributed to the handling, storage, and disposal of illegal solid or hazardous waste at Shingle Mountain by their actions in creating an illegal landfill and open dump.

**The Defendants' use the site for an illegal landfill**.

11. The open dump known as "Shingle Mountain" is the subject of this RCRA citizen's suit. This illegal solid waste landfill contains at least 198,000 cubic yards of unprocessed asphaltic shingle material with associated packaging and roofing waste material at the landfill site in a single stockpile. There are other piles of processed shingles and waste materials on the site. There is drainage from the unprocessed asphaltic shingle material in a pooled area of water on site that is dark amber in color and suggestive that petroleum-based compounds may be present.

12. Defendants CCR Equity Holdings One, LLC, Cabe Chadick, and Blue Star Recycling, LLC along with Chris Ganter contributed to the illegal disposal of solid waste at the Shingle Mountain site. When Defendant Cabe Chadick was having his roof repaired in 2017, Mr. Chadick met Chris Ganter who did the repair work on his roof. Chris Ganter informed Mr. Chadick about the process of recycling of roofing shingles and that Ganter was going to start a business of obtaining waste roofing shingles and potentially recycling them. Chris Ganter had a site in mind in southern Dallas for the disposal of the shingles and told Cabe Chadick about it. Mr. Chadick and Mr. Ganter drove to look at the land at 9527 S. Central Expressway. Cabe Chadick bought this property for the express purpose of leasing it to Blue Star Recycling and for the express purpose of accepting the disposal of solid waste at the site.

13. Defendants intended to profit from the disposal of solid waste at Shingle Mountain. They intended to extend the profit from the revenue of disposal fees for accepting loads of waste

4

shingles to an additional location. In July 2019, after Defendants had already created Shingle Mountain at 9527 S. Central Expressway, an entity named CCR Equity Holdings Five, LLC selected a Denton location to dispose of shingles solid waste at that site. Defendant Cabe Chadick is also the governing member of CCR Equity Holdings Five, LLC. Chris Ganter, the operator of Blue Star Recycling, publicly represented that he was a principle in CCR Equity Holdings Five, LLC. Defendants profited from the illegal disposal and storage of solid waste at the Shingle Mountain location.

14. During 2018, Defendants created an illegal landfill at the Shingle Mountain location. CCR's tenant, Blue Star Recycling LLC, began accepting truckloads of roofing shingles and solid waste at the Shingle Mountain location on or about January 2018.

15. In February 2018, Ms. Jackson complained to the City of Dallas Code Enforcement about the piles of debris being placed on the Shingle Mountain property. Blue Star Recycling continued to bring in solid waste to the property.

16. Blue Star Recycling, LLC is the tenant of CCR Equity Holdings One, LLC at 9527 S. Central Expressway. CCR Equity Holdings One, LLC and its governing member contributed to the past or present handling, storage, treatment, transportation, or disposal of solid waste at the Shingle Mountain landfill which presents an imminent and substantial endangerment to health or the environment in violation of RCRA, 42 U.S.C. § 6972(a)(1)(B).

17. CCR Equity Holdings One, LLC and Cabe Chadick, its governing member, consented to Blue Star Recycling's use of the property for the past or present handling, storage, treatment, transportation, or disposal of solid waste at the Shingle Mountain landfill which presents an imminent and substantial endangerment to health and the environment in violation of RCRA, 42 U.S.C. § 6972(a)(1)(B).

18. CCR Equity Holdings One, LLC and Cabe Chadick allowed its tenant to use the Shingle Mountain property in violation of the deed restrictions governing the use of the property. Those deed restrictions limit the use of the property to wood processing and did not and do not allow for the recycling of shingles or the storage of solid waste on site. Defendants did not engage in wood processing at the site.

19. CCR Equity Holdings One, LLC and Cabe Chadick allowed its tenant to use the Shingle Mountain property even though it is located, in whole or in significant part, within the l00-year floodplain as defined by the Federal Emergency Management Agency (FEMA) and identified on that agency's Flood Insurance Rate Map.

20. By December 13, 2018, CCR and Mr. Chadick's tenant had accepted enough shingles to create a 15-20-ft tall, 300-foot long wall of ground-up shingle asphalt stretching approximately 30-40 feet across the entire length of the creek that is on or adjacent to the premises. The amount and placement of the waste resulted in near-complete blockage of the creek discharge of industrial and asphalt base material into the stormwater drainage system.

21. Roofing shingles, roofing shingle particles, wooden pallets, wood, industrial waste, and asphalt base were discharged into the stormwater drainage system by CCR's tenant, Blue Star Recycling.

22. CCR's tenant Blue Star Recycling caused the discharge of the industrial waste and other pollutants into the stormwater system.

23. CCR's property is an industrial facility, and a Texas Pollutant Discharge Elimination System Permit (TPDES) is required to conduct the lawful activities at the Property. CCR has no such permit.

6

24. Despite knowledge of imminent and substantial endangerment to health and the environment from the illegal landfill at the Shingle Mountain property, Defendants have failed to take steps to protect the public health, safety, and welfare by taking action to remove the landfill and clean up the Shingle Mountain property.

25. Defendants CCR and its governing member Cabe Chadick have not removed the waste despite being ordered to do so by state court order. The property remains in violation of RCRA, 42 U.S.C. § 6972(a)(1)(B) and continues to present imminent and substantial endangerment to Ms. Jackson, her neighbors, the public health and the environment.

26. By failing to take action to remove the landfill, Defendants CCR and its governing member Cabe Chadick are contributing to and causing harm to Ms. Jackson and to the adjoining residential neighborhood.

27. Despite knowledge of imminent and substantial endangerment to health and the environment from the illegal landfill at the Shingle Mountain property, Blue Star Recycling has failed to take steps to protect the public health, safety, and welfare by taking action to remove the landfill and clean up the property. The managing members of Blue Star Recycling have not removed the waste has despite being ordered to do so by state court order. The property remains in violation of the RCRA 4 U.S.C. § 6972(a)(1)(B) and continues to present imminent and substantial endangerment to Ms. Jackson, her neighbors, the public health and the environment.

28. By failing to take action to remove the landfill, Blue Star Recycling is contributing to and causing harm to the adjoining residential neighborhood.

**The storage and processing of the shingle materials constitutes a substantial endangerment to health and the environment.**

29. Blue Star Recycling filed an application with the State of Texas Commission on Environmental Quality (TCEQ) admitting the shingle material stored at 9527 S. Central Expressway was combustible and a fire hazard. The TCEQ Municipal Solid Waste division considers asphalt shingles to be a combustible material based in part on the occurrence of fires at sites storing and processing shingle material.

30. Defendants' storage of the solid waste shingle material violates OSHA standards. The U.S. Occupational Health (OSHA) regulation 29 C.F.R. § 1916.1200 Safety Data Sheet is required for the handling of shingle materials. It states that the shingle material when reduced to dust contains three carcinogens - asphalt, quartz, and titanium oxide - that can be inhaled absent protective equipment. OSHA requires the prevention and control of dust emitted by operations involving shingle material. OSHA prohibits allowing large quantities of shingle material to reach ground water, water courses or a sewage system. OSHA warns that "The user of this material has the responsibility to dispose of unused material, residues and containers in compliance with all relevant local, state and federal laws and regulations regarding treatment, storage and disposal for hazardous and nonhazardous wastes."

31. The State of Texas has found that the Defendants' use of the property as an illegal landfill constitutes a substantial endangerment to health and the environment.

32. The City of Dallas has found violations of the City of Dallas health and safety codes by the Defendants' use of the site that constitute a substantial endangerment to health and the environment. The City has found the following violations by Defendants concerning Shingle Mountain:

a. Discharging industrial waste into the storm sewer;

8

  b. Discharging one or more air contaminants in such concentration and of such duration as are or may tend to be injurious to or adversely affect human health or welfare, animal life, vegetation, or property; or as to interfere with the normal use or enjoyment of animals, vegetation, and property;

  c. Causing, suffering, allowing, or permitting visible emissions from an unpermitted source;

  d. Placing, depositing, or throwing; permitting to accumulate; or permitting to be placed, deposited, or thrown, any litter on the premises or on the parkway adjacent to the premises;

  e. Permitting any yard, grounds or premises belonging to or controlled or occupied by the owners and operator to become, from any cause, nauseous, foul, offensive or injurious to the public health, or unpleasant and disagreeable to adjacent residents or persons;

  f. Carrying on a trade, business, or occupation within the City that is injurious to the health of those who reside in the vicinity, or suffering any substance which shall have that effect to remain on the owner/operator's premises, in the owner/operator's possession, or under the owner/operator's control;

  g. Failure to comply with a stormwater permit;

  h. Discharging or allowing or permitting the discharge of industrial waste into the stormwater drainage system;

  i. Discharging or allowing or permitting the discharge of asphalt base material into the stormwater drainage system;

  j. Discharging or allowing or permitting the discharge of a harmful quantity of dust, resulting from grinding, cutting, or storage of materials, into the stormwater drainage system;

k. Failure to employ best management practices to control and minimize the discharge of materials and substances handled, stored, and generated by Blue Star into the stormwater drainage system;

l. Failure to eliminate or reduce exposure of garbage and refuse materials to precipitation or runoff prior to disposal; and

m. Placing, storing, and maintaining construction equipment within the l00-year flood plain.

33. The illegal landfill is an open dump that attracts varmints, vermin and other animals creating a threat to health and safety of Ms. Jackson and her neighbors.

34. The illegal landfill is posing a threat to the health of Ms. Jackson and to others residing near Shingle Mountain. The debris stored on site is an open dump without cover. The debris causes fiber, glass, and other particles to permeate the air and blow onto adjoining properties such as Ms. Jackson's home. The black dust caused by the illegal landfill has entered Ms. Jackson's home creating breathing problems for Ms. Jackson.

35. The City of Dallas has received several complaints from Ms. Jackson and other individuals residing near Shingle Mountain. The nature of the complaints made to the City of Dallas are regarding poor air quality and odor at their properties surrounding Blue Star's illegal landfill. In particular, the residents have complained of poor air quality resulting in black dust permeating the air they were breathing.

**Plaintiff's Notices of Intent to File RCRA Citizens' Suit**

36. On December 4, 2019, Plaintiff gave Defendant CCR Equity Holdings One, LLC and Cabe Chadick notice of intent to file a citizen's suit pursuant to the Resource Conservation Recovery Act (RCRA) by mailing the notice registered mail to the governing member and

10

registered agent for CCR Equity Holdings One, LLC. Plaintiff's notice of intent to file a citizen suit was sent to Defendant CCR Equity Holdings One, LLC and Cabe Chadkick by registered mail, return receipt requested. It was addressed to CCR Equity Holdings One, LLC, the owner of the illegal landfill and addressed to Cabe Chadick, the governing member and registered agent for CCR Equity Holdings One, LLC. A copy of the notice was also mailed to the Administrator of the Environmental Protection Agency, the Region 6 Administrator of the Environmental Protection Agency, and the Executive Director of Texas Commission for Environmental Quality as the chief administrative officer of the solid waste management agency of Texas. The content of Plaintiff's notice informed Defendant CCR Equity One, LLC and Cabe Chadick of the substance of the owner's contributions to the illegal storage, disposal, and handling of solid waste at Shingle Mountain which presents an imminent and substantial endangerment to health or the environment in violation of 42 U.S.C. § 6972(a)(1)(B). More than 90 days have expired since Plaintiff gave notice to Defendant CCR Equity Holdings One, LLC of the Citizen Suit action in accordance with 42 U.S.C. § 6972(a)(2)(B) and 40 C.F.R. § 254.2(a).

37. Plaintiff provided Blue Star Recycling, LLC with a Notice of Intent to file a Citizen's Suit pursuant to RCRA on November 26, 2019. Plaintiff's notice of intent to file a citizen suit was sent to Defendant Blue Star Recycling, LLC by registered mail, return receipt requested. It was addressed to Blue Star Recycling, LLC, the operator of the illegal landfill and addressed to Carl Wayne Orrell, the registered agent and managing member for Blue Star Recycling, LLC. A copy of the notice was also mailed to the Administrator of the Environmental Protection Agency, the Region 6 Administrator of the Environmental Protection Agency, and the Executive Director of Texas Commission for Environmental Quality as the chief administrative officer of the solid waste management agency of Texas. The content of Plaintiff's notice informed Defendant Blue

Star Recycling, LLC of the substance of Blue Star Recycling, LLC's contributions to the illegal storage, disposal, and handling of solid waste at Shingle Mountain which presents an imminent and substantial endangerment to health or the environment in violation of 42 U.S.C. § 6972(a)(1)(B). More than 90 days have expired since Plaintiff gave notice to Defendant Blue Star Recycling, LLC of the citizen suit in accordance with 42 U.S.C. § 6972(a)(2)(B) and 40 C.F.R. § 254.2(a).

**Claims for Relief**

38. Defendant CCR Equity One Holdings, LLC, the owner of an illegal landfill, and Cabe Chadick, its governing and managing member, have contributed and are contributing to the past and present handling, storage, treatment, or disposal of solid or hazardous waste that caused the creation of the Shingle Mountain illegal landfill which presents an imminent and substantial endangerment to health and the environment in violation of 42 U.S.C. § 6972(a)(1)(B).

Defendant Blue Star Recycling LLC, the operator of an illegal landfill, has contributed and is contributing to the past and present handling, storage, treatment, or disposal of solid or hazardous waste that caused the creation of the Shingle Mountain illegal landfill which presents an imminent and substantial endangerment to health and the environment in violation of 42 U.S.C. § 6972(a)(1)(B).

**Prayer for Relief**

Plaintiff seeks an injunction for future relief that:

1) orders Defendants to remove all solid and hazardous waste at Shingle Mountain and the remediation of the property to eliminate all endangerment to health and the environment at the site,

2) prevents the use of the site for any future landfill site or shingles recycling use or any other use in non-conformance with the deed restrictions for 9527 S. Central Expressway,

3) requires Defendants to take such other action as may be necessary to comply with 42 U.S.C. 6972(a),

4) provides any other relief that may be necessary, and

5) orders Defendants to pay attorney's fees, litigation costs and expenses.

Respectfully Submitted,

s/ Laura B. Beshara
Laura B. Beshara
State Bar No. 02261750
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: laurabeshara@swbell.net
Attorney for Plaintiff

Michael M. Daniel
State Bar No. 05360500
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: daniel.michael@att.net
Attorney for Plaintiff